**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES A. RUSSELL, : | |
| : | Civil No. 06-2643 (FLW) |
| Petitioner, : | |
| : | |
| v. : | |
| : | **OPINION** |
| TROY LEVI, et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

    JAMES A. RUSSELL, Petitioner pro se
    #55452-066
    F.D.C. Philadelphia
    P.O. Box 562
    Philadelphia, New Jersey 19105

**WOLFSON, District Judge**

    This matter is before the Court on the petition of James A. Russell ("Russell") for habeas corpus relief under 28 U.S.C. § 2241,[1] challenging his federal indictment as "void ab initio". Russell is presently confined at the Federal Detention Center in

---

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Philadelphia, Pennsylvania. He also admits that his criminal proceedings are ongoing. For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## I. BACKGROUND

The following background facts are taken from the petition and attachments, and are accepted as true for purposes of this Opinion and accompanying Order.

On or about January 2006, Russell was charged in a single count indictment with one count of mailing a threatening communication, in violation of 18 U.S.C. § 876. Petitioner admits that his criminal proceedings are ongoing, and that he is confined at F.D.C. Philadelphia. The Court notes that the criminal proceedings are not pending in this district court. Russell does not identify the district court where his criminal proceedings are pending.

In his petition, Russell argues that the statute on which his indictment is based is unconstitutional on its face, and is "void ab initio", thus making his indictment defective. He seeks his immediate release from jail.

## II. JURISDICTIONAL REQUIREMENT

Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody. A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a

determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment.  Preiser v. Rodriquez, 411 U.S. 475, 484-86, 500 (1973).

However, jurisdiction over a § 2241 habeas petition is limited to the district where the petitioner is being held in custody.  28 U.S.C. § 2241(a); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973)(personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); Ahrens v. Clark, 335 U.S. 188 (1948); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994)("[a] district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district"); United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988);  Valdivia v. Immigration and Naturalization Serv., 80 F. Supp. 2d 326, 332-333 (D.N.J. 2000). Here, Russell was confined at F.D.C. Philadelphia in Philadelphia, PA at the time he filed his petition.  He currently remains confined at F.D.C. Philadelphia.  Russell also properly named the warden of that facility as respondent in this matter.

Habeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed.  See Ex parte Endo, 323 U.S. 283 (1944); Chavez-Rivas v. Olsen, 194 F. Supp.2d 368, 371 (D.N.J.

3

2002)(observing that "[b]oth the Supreme Court and the Third Circuit have held that the transfer of a habeas petitioner to another judicial district after the filing of a habeas corpus petition does not defeat the original District Court's jurisdiction to entertain the petition")(citing Ex Parte Endo, 323 U.S. at 304; Ex Parte Catanzaro, 138 F.2d 100, 101 (3d Cir. 1943), cert. denied, 321 U.S. 793 (1944)).  Therefore, this Court concludes that it lacks jurisdiction to consider Russell's § 2241 habeas petition since it was filed while he was confined within this judicial district.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Here, Russell admits that his federal criminal proceedings are still ongoing.  Thus, he has the opportunity to raise the claim asserted here in that proceeding.  In the event Russell is now convicted, he may raise this claim on direct appeal to the appropriate Circuit Court of Appeals, or in a motion under 28 U.S.C. § 2255, which must be brought before the sentencing court. Russell has not identified the district court where his criminal proceedings are ongoing.  Therefore, this Court cannot transfer this action to the appropriate district court.  Accordingly, the

Court is constrained to dismiss this § 2241 habeas petition for lack of jurisdiction.

### III. CONCLUSION

For the reasons set forth above, the petition will be dismissed for lack of jurisdiction. An appropriate order follows.

```
                                S/Freda L. Wolfson
                                FREDA L. WOLFSON
                                United States District Judge
```

Dated: June 21, 2006