**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES A. RUSSELL,                :
                                 :    Civil Action No. 06-2643 (FLW)
            Petitioner,          :
                                 :
         v.                      :    **O P I N I O N**
                                 :
TROY LEVI, WARDEN, et al.,       :
                                 :
            Respondents.         :

**APPEARANCES:**

    JAMES A. RUSSELL, Plaintiff pro se
    #55452-066
    F.D.C. Philadelphia
    P.O. Box 562
    Philadelphia, PA 19105

**WOLFSON**, District Judge

    This matter comes before the Court upon pro se plaintiff's, James A. Russell ("Russell") motion for reconsideration of this Court's June 21, 2006 Opinion and Order dismissing Russell's petition for a writ of habeas corpus under 28 U.S.C. § 2241, for lack of jurisdiction.  Russell filed his motion for reconsideration on July 7, 2006.  (Docket Entry No. 4).  He filed a supplement to his motion for reconsideration on July 17, 2006. (Docket Entry No. 5).

    This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion is denied.

**I.   BACKGROUND**

On June 13, 2006, Russell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal indictment as defective and "void ab initio", because the statute on which his indictment is unconstitutional on its face. The federal criminal proceeding being challenged by Russell is ongoing, but not in this district court.  Moreover, at the time he filed his § 2241 habeas petition, Russell was confined at the Federal Detention Center in Philadelphia, Pennsylvania.  It appears that Russell remains confined at FDC Philadelphia at this time.

On June 21, 2006, this Court entered an Opinion and Order dismissing the § 2241 habeas petition for lack of jurisdiction. In this motion for reconsideration, Russell merely reiterates the arguments he raised in his § 2241 petition and asks the Court to reconsider its Order dismissing the matter.

**II.   ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).   <u>Id</u>. In the District of New Jersey, Local Civil Rule 7.1(g) governs

motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

3

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron

U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

 Here, Russell does not show that this Court "overlooked" any factual or legal issue that would likely alter the Court's initial disposition. Instead, Russell simply rehashes the claims in his § 2241 habeas petition. Thus, Russell cannot satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. The petition remains unripe for habeas review, as Russell's federal criminal proceeding is ongoing. Petitioner has the opportunity to raise his claims in his ongoing criminal matter, which is currently pending outside this district court. Moreover, Russell is not being held in custody in the District of New Jersey; therefore,

this Court lacks jurisdiction by statute over the habeas petition.

### III. CONCLUSION

For the reasons expressed above, Russell's motion for reconsideration will be denied.  An appropriate Order follows.

s/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated: August 15, 2006